UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Marie Assa'ad-Faltas,<br><br>PLAINTIFF<br><br>v.<br><br>Alan M. Wilson, Sara Heather Savitz Weiss; Ellen Last-name unknown; Marion Oneida Hanna; Byron E. Gipson; Gary Watts; Ronaldo Myers; Hugh Ryan; Hervery Young; Robert Michael Dudek; E. Fielding Pringle; Mark Schnee; April W. Sampson; Theodore N. Lupton; Tristan Michael Shaffer; Lara M. Caudy; John H. Strom; Cassity Brewer; Charles Randolph White; Larry Wayne Mason; Dinah Gail Steele; Any and all of Defendants' necessary agents,<br><br>DEFENDANTS | Case No. 3:20-cv-2479-TLW<br><br><br><br><br>ORDER |

Plaintiff Marie Assa'ad-Faltas, proceeding *pro se* and *in forma pauperis*, brings this civil rights and state law tort action against the above-named Defendants. [1] Plaintiff's Complaint purports to raise twenty causes of action against a diverse range of defendants—many of whom have no connection to each other—for conduct that occurred over the last ten years. ECF No. 1.

The matter now comes before the Court for review of the Report and Recommendation ("Report") filed by the by United States Magistrate Judge Paige J.

---

[1] Plaintiff has filed a significant number of actions in federal court. In light of her significant filings, this action was overlooked until the Report was recently brought to the attention of this Court.

Gossett, to whom this case was assigned. ECF No. 26. The magistrate judge reviewed Plaintiff's complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and recommends that Complaint be summarily dismissed without issuance and service of process. *Id.* Specifically, the magistrate judge found that Plaintiff's complaint was subject to dismissal because she variously had (1) failed to state a claim, (2) lacked standing to bring certain claims, (3) brought claims against immune state actors, (4) brought stand-alone state law tort claims for which this Court lacks the requisite subject matter jurisdiction, and (5) improperly joined her claims against several defendants based on distinct, separate alleged acts. *Id.* Petitioner filed objections to the Report. ECF No. 28. This matter is now ripe for decision.

> In reviewing the Report, the Court applies the following standard:
>
> The magistrate judge makes only a recommendation to the Court, to which any party may file written objections . . . . The Court is not bound by the recommendation of the magistrate judge but, instead, retains responsibility for the final determination. The Court is required to make a *de novo* determination of those portions of the report or specified findings or recommendation as to which an objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the report and recommendation to which no objections are addressed. While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case the Court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations.

*Wallace v. Hous. Auth. of City of Columbia*, 791 F. Supp. 137, 138 (D.S.C. 1992) (citations omitted).

In light of the standard in *Wallace*, the Court has reviewed, *de novo*, the Report and the objections. After careful review of the Report and the objections, for the reasons stated by the magistrate judge, the Report, ECF No. 26, is **ACCEPTED**.

Plaintiff's objections, ECF No. 28, are **OVERRULED**. This action is **DISMISSED**.

    **IT IS SO ORDERED**.

                                                *s/ Terry L. Wooten*
                                                Terry L. Wooten
                                                Senior United States District Judge

March 3, 2023
Columbia, South Carolina